```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
EDMOND MACHIE                 )
                              )
         Plaintiff,           )
                              )
     v.                       )
                              )
ABDOU YOUSSEF, et al.         )    Civil Action 11-827 (GK)
                              )
         Defendants.          )
                              )
_____)
```

### MEMORANDUM OPINION

Pro se Plaintiff Edmond Machie, a native of Cameroon, brings this action against Defendants Abdou Youssef, Chair of the Computer Science Department ("Department") at George Washington University ("GW University" or "GW") in Washington D.C., and Christopher Toombs, an instructor in the Department, for discrimination and retaliation in violation of Title VI of the Civil Rights Act of 1964, § 2000d et seq. ("Title VI").

This matter is presently before the Court on Defendant Youssef's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Def. Mot.") [Dkt. No. 7]. Upon consideration of the Motion, Opposition, and Reply, and the entire record herein, Defendant Youssef's Motion to Dismiss is **granted.**

## I. Background[1]

Plaintiff was a PhD transfer applicant and non-degree student at GW University. Compl. ¶ 1. As a non-degree student, Plaintiff enrolled in CSCI 287: Computer Network Defense Class in GW's Computer Science Department. Id. ¶ 3. Defendant Toombs was one of Plaintiff's class instructors. Id. ¶ 6. Plaintiff alleges that, during his class presentation, Toombs interrupted Plaintiff numerous times in order to embarrass him. Id. ¶ 7. Plaintiff also alleges that Toombs provided Plaintiff with less assistance as compared to other students in the class. Id. ¶ 8.

On December 8, 2009, Toombs informed Plaintiff that he would be unlikely to receive a passing grade in the class, based on his academic performance. Id. ¶ 6. Even though it was late in the semester, Toombs offered Plaintiff the option of withdrawing from the course. Id. ¶ 6. According to documents attached to the Complaint, Plaintiff did not withdraw from the class and ultimately received a failing grade. See Ex. 2 to Compl.

On February 2, 2010, Plaintiff submitted a complaint against Toombs to Defendant Youssef, accusing Toombs of discriminating against Plaintiff because of his race and national origin. Compl.

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

¶¶ 10, 14. Defendant Youssef informed Plaintiff that the matter would be referred to the Computer Science Department's Standards Committee. Id. At some point thereafter, Defendant Youssef informed Plaintiff that the Department had found no grounds to take action against Toombs. Id. ¶¶ 14-15.

According to materials attached to the Complaint, in February 2010, Plaintiff applied to the Computer Science Department's Master's program as a degree-seeking student. See Ex. 1 to Compl. On February 18, 2010, Youssef informed Plaintiff that the Department's Faculty had reviewed Plaintiff's academic record and decided not to accept Plaintiff as a Master's student. Compl. ¶ 11. Defendant Youssef later explained to Plaintiff that this decision was based on Plaintiff's low GPA. Id. ¶ 13.[2]

On May 4, 2011, Plaintiff filed the instant Complaint in this Court. On June 13, 2011, Defendant Youssef filed a Motion to Dismiss Plainitff's Complaint. On July 18, 2011, Plaintiff filed his Opposition to Defendant's Motion to Dismiss ("Pl. Opp'n")[Dkt.

---

[2] On March 1, 2010, Plaintiff filed a discrimination complaint ("March 2010 complaint") against GW University and Toombs with the District of Columbia Office of Civil Rights ("OCR") within the U.S. Department of Education, alleging discrimination based on race and national origin. See Ex. 2 to Compl. In its August 16, 2010 decision, OCR found there was insufficient evidence to support Plaintiff's discrimination claims. Id. at 3. On September 7, 2010, Plaintiff filed another complaint with OCR against GW University, alleging retaliation for filing the March 2010 complaint. See Ex. 1 to Compl. In its March 3, 2011 decision, OCR again concluded that there was insufficient evidence to support Plaintiff's retaliation claim. Id. at 2.

No. 13]. On July 25, 2011, Defendant Youssef filed his Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Def. Reply")[Dkt. No. 15].[3]

**II. Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted) (citing Twombly, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the pleaded factual content [must] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940 (citing Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, the court may consider any documents attached to or incorporated into the complaint, matters of which the court may

---

[3] Plaintiff also filed a surreply [Dkt. No. 16], but failed to first seek leave of Court as required by the local rules. Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003). Litigants, including those proceeding pro se, are required to comply with the Federal Rules of Civil Procedure and the local rules of this Court. Slovinec v. Am. Univ., 520 F. Supp. 2d 107, 111 (D.D.C. 2007). The Court, therefore, shall not consider Plaintiff's surreply. The Court notes, however, that nothing contained in that submission materially affects the outcome of this case.

take judicial notice, and matters of public record. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. Under the standard set forth in Twombly, a "court deciding a motion to dismiss must . . . assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet, 525 F.3d at 17 (citations and internal quotations omitted). See also Tooley v. Napolitano, 586 F.3d 1006, 1007 (D.C. Cir. 2009) (declining to reject or address the government's argument that Iqbal invalidated Aktieselskabet).

Complaints submitted by plaintiffs proceeding pro se are reviewed by the court under "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594 (1972). However, a pro se complaint must still plead "'factual matter' that permits the court to infer more than the 'mere possibility of misconduct.'" Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011)(citation and internal quotations omitted).

**III. Analysis**

Plaintiff alleges that, in violation of Title VI, Defendant Youssef discriminated and retaliated against him based on his race and national origin by deciding not to pursue Plaintiff's complaint

against Toombs and by denying Plaintiff admission to the Computer Science Department's Master's program. Compl. ¶¶ 18-20. In response, Defendant Youssef argues that he must be dismissed from this case as there is no individual liability under Title VI. Def. Mot. 5.

Plaintiff has failed to respond to this argument.[4] In the Court's June 20, 2010 Order [Dkt. No. 11], Plaintiff was informed that "failure to respond to Defendant's dispositive motion carries the risk that the motion will be granted as conceded and that the case will be dismissed." Notwithstanding Plaintiff's failure to comply with this Order, the Court will consider the merits of Defendant's argument.

Title VI prohibits federally-funded programs or institutions, such as universities, from discriminating against any person on the basis of race, color, or national origin. 42 U.S.C. § 2000d. As Defendant Youssef correctly points out, the law is clear that Title VI does not allow liability against individual defendants, such as Professor Youssef. Mwabira-Simera v. Howard Univ., 692 F. Supp. 2d 65, 70 (D.D.C. 2010)(citing to Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1169-70 (11th Cir. 2003)).

---

[4] Instead, Plaintiff argues that Defendant's submission of a motion to dismiss violates Federal Rule of Civil Procedure 7. Pl. Opp'n 3. Plaintiff has misunderstood the Federal Rules, which expressly allow for the submission of motions to dismiss in response to the filing of a complaint. FED. R. CIV. P. 12.

Accordingly, the Court shall **grant** Defendant Youssef's motion to be dismissed from this action.

**IV. Conclusion**

For the foregoing reasons, Defendant Youssef's Motion to Dismiss is **granted.** An Order will accompany this Memorandum Opinion.

November 9, 2011

/s/
Gladys Kessler
United States District Judge